32058.   YOUMANS, Sheriff, *v.* CONSUMERS FINANCING CORPORATION.

DECIDED JULY 8, 1948.

374

*H. Alonzo Woods*, for plaintiff in error.

*Homer S. Durden Jr., Williams & Smith*, contra.

FELTON, J. Code, § 39-125 provides: "All executions, except as otherwise provided by this Code, shall be made returnable to the next term of the court from which they issued respectively." Code, § 67-701, relating to the foreclosure of chattel mortgages, and which also covers foreclosures of conditional contracts of sale, does not make provision for the execution to be returnable to any particular term of court, so Code § 39-125 would apply. Since the affidavit of illegality was dismissed on December 29, 1947, it was impossible for the sheriff to advertise the property, sell it, and make his return to the next term of the court which convened on the second Monday in January, 1948. In such a case the execution became returnable to the April term, 1948. The rule for contempt, then, was premature and the judgment on the rule was likewise premature and erroneous. It is recited in the bill of exceptions that the sheriff had possession of the automobile on the date the rule was heard and at the time of the certificate of the bill of exceptions. In view of these proceedings and this appeal, it would seem that the sheriff would have until the next term of the court to make his return, provided he has time in which to effect an advertisement and sale, and if he does not have time, then to the subsequent term.

The court erred in making the rule absolute.

*Judgment reversed. Sutton, P. J., concurs. Parker, J., concurs in the judgment.*